

**ORDERED in the Southern District of Florida on January 31, 2019.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov**

In re:                                                                 Case No. 19-11122-MAM

Elizabeth Eugenie Rothman                                              Chapter 13

     Debtor(s)                    /

**ORDER GRANTING MOTION TO ACCEPT AMENDED
PETITION FILED ON JANUARY 28, 2019
AND DETERMINING PETITION DATE**

     This matter came before the court upon the *Debtor's Exparte [sic] Motion to Accept Amended Voluntary Chapter 13 Petition Official Form 101* [ECF No. 7] (the "Motion"). The original voluntary petition (ECF No. 1) (the "Original Petition") in this bankruptcy case ("Bankruptcy Case") was filed electronically on January 27, 2019, which indicates that a licensed attorney with filing privileges in this district initiated

the filing.[1] The Original Petition did not contain a signature for the Debtor in Part 7 (captioned "Sign Below") on page six, nor did it contain a signature for the filing attorney on page seven.

One day later, on January 28, 2019, Attorney Genie H. Rothman, the attorney who electronically submitted the Original Petition, apparently realized her error. Ms. Rothman immediately filed an Amended Voluntary Petition (ECF No. 3) (the "Amended Petition") containing the requisite signatures.[2] Ms. Rothman also simultaneously filed the Motion, which requests entry of an order allowing the Debtor to file the Amended Petition and accepting the Amended Petition "so that the case may proceed in its normal course." *See* Motion at p. 1.

The Amended Petition comports with all relevant procedural requirements and its validity is not in question. The court raises *sua sponte* the issue of whether the Amended Petition may be deemed properly filed as of January 27, 2019 (the date of the Original Petition) or whether the effective date of relief in this Bankruptcy Case is January 28, 2019 (the date of the Amended Petition).

---

[1] The submission of the Original Petition through the CM/ECF portal, which is only accessible to licensed attorneys, conclusively establishes that the document was filed by an attorney. *See* Local Form 95 (Acknowledgment of Responsibility and Request for Login ID and Password for Live Access to CM/ECF with Full Attorney Filing Privileges).

[2] The physical signature of the Debtor (Elizabeth Eugenie Rothman) on pages six and eight of the Amended Petition is identical to the physical signature of the attorney (Genie H Rothman) on page seven. The email address for "Genie H Rothman, Esquire" provided on page seven of the Amended Petition ("GenieHRothmanPA@yahoo.com") differs slightly from the email address provided for the Debtor (GenieHRothman@aol.com), but the similarities in format are obvious.

## ANALYSIS

Section 301 of the Bankruptcy Code (11 U.S.C. § 101 *et seq*.) provides that a bankruptcy case is commenced by the filing of a petition, and that commencement of the case constitutes an order for relief:

> (a) A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter.
>
> (b) The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C. § 301. Federal Rule of Bankruptcy Procedure 1008 requires that "[a]ll petitions, lists, schedules, statements, and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746." Fed. R. Bankr. P. 1008. Accordingly, for a petition to be accepted by the court and lead to entry of an order for relief under § 301, it must be verified or include a signed declaration comporting with the requirements of 28 U.S.C. § 1746.[3]

---

[3] Section 1746 of title 28 provides in relevant part:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . .
> **(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

Part 7 of Official Form 101 (Voluntary Petition for Individuals Filing Bankruptcy) ("Part 7") contains the following certifications, including the necessary declaration pursuant to 28 U.S.C. § 1746:

> I have examined this petition, and **I declare under penalty of perjury that the information provided is true and correct**.
>
> If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code.
>
> I understand the relief available under each chapter, and I choose to proceed under Chapter 7.
>
> If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).
>
> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.
>
> I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Part 7 (emphasis added).

Rule 1008 and 28 U.S.C. § 1746 collectively require that a debtor personally sign the petition and indicate the debtor's assent to the 28 U.S.C. § 1746 certification. *In re Hurdford*, 290 B.R. 299, 302 (Bankr. E.D. Mich. 2003). Allowing a debtor to sign a document under penalty of perjury pursuant to 28 U.S.C. § 1746 "does not eliminate the requirement that the debtor personally sign the document." *Hurdford*, 290 B.R. at 302.

---

28 U.S.C. § 1746.

4

In addition to providing the requisite verification, the next-to-last sentence of Part 7 includes a specific request for relief under the Bankruptcy Code. Part 7 ("I request relief in accordance with the chapter of title 11, United States Code, specified in this petition."). This request is crucial as it forms the basis for the "order for relief" contemplated by § 301(b).

Part 7 on page six of the Original Petition is blank and does not contain the above-captioned debtor's ("Debtor") signature, either in physical form or typed.[4] The second section of Part 7 (located on page seven of the Original Petition), which must be filled out by the attorney for a debtor when a document is filed electronically through counsel, is also blank.[5] Although page eight of the Original Petition contains a typed signature for the Debtor, the signature on this page does not satisfy the

---

[4] Paragraph 8 of Local Form 95 provides:

> Prior to electronically filing any document with the court, I must verify the identity and obtain the original signature of the party or parties I represent on a paper copy of the document and must retain the original of that signed document for the length of time as required under Local Rule 5005-4(C). I attest that I will advise the signing party that the document will be submitted to the court electronically and the paper version of any electronic document filed by me will be an exact copy of the printed version and that no changes, alterations or other modifications will be made with the sole exception that the paper version will contain original signatures. I must type or print the name of any signer on any document filed by me either above or below the signature line and inclusion of the typed names shall be deemed a representation by me that the document was signed in original by that party, regardless of whether /s/, /s, or s/ is reflected by the typed name.

LF-95 at ¶ 8.

[5] The court's analysis of the record reveals that Elizabeth Eugenie Rothman (the Debtor) and Genie H. Rothman (the filing attorney) are likely the same person. As of the date of entry of this Order, however, the Debtor has not disclosed to the court that she is an attorney with filing privileges, nor has she amended the Amended Petition to disclose any "a.k.a." forms of her legal name. Accordingly, the court's analysis herein allows for each set of potential outcomes, i.e. that the Debtor and the filing attorney are the same person, or are not the same person. In each instance, the court's determination regarding the defectiveness of the Original Petition remains the same.

requirement set forth in Federal Rule of Bankruptcy Procedure 1008 that a petition be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746. The reason the signature on page eight does not provide the requisite verification or declaration required for an effective petition is that this page serves solely to note the understanding of a *pro se* debtor regarding the potential risks of proceeding without legal representation.[6]

The court concludes that the Debtor's failure to provide her signature in Part 7 rendered the Original Petition fatally defective. The Original Petition therefore did not constitute a proper request for relief pursuant to § 301. As a result, the Bankruptcy Case cannot be deemed to have commenced as of January 27, 2019. The court finds and holds that the order for relief in this case occurred on January 28, 2019 (the "Effective Petition Date"), the date upon which the Amended Petition was filed.

**Accordingly, it is ORDERED that:**

1. The Motion is **GRANTED**. The Amended Petition constitutes an effective request for relief and the Bankruptcy Case may proceed in the normal course.

2. The Original Petition is fatally defective and of no legal effect.

---

[6] Because an attorney electronically filed the Original Petition on the Debtor's behalf, there was no need for the filing of page eight, as it applies only to non-attorney debtors who are not represented by counsel. *See* Original Petition, Part 7, page 8 ("If you are represented by an attorney, you do not need to file this page.").

3. The date of the order for relief in this Bankruptcy Case is January 28, 2019.

3. The clerk's office is directed to make all necessary adjustments to the official court record to conform to this order, including the entry of a PDF image of the valid Amended Voluntary Petition as ECF No. 1 and corrections to all applicable file dates, appropriate deadlines, and case data based upon the court's determination that the Effective Petition Date in this case is January 28, 2019.

4. The clerk's office shall issue any applicable deficiency notice(s) and serve a notice of commencement of case upon all interested parties reflecting the terms of this order.

###

Copy furnished to:

Debtor

Genie H Rothman

*Attorney Rothman is directed to serve a copy of this Order upon all parties in this case and file a Certificate of Service that substantially complies with Local Rule 2002-1(F).*